This Court is in receipt of Plaintiff's letter motion requesting to seal Docs. 14-3 and 14-4 for unredacted personally identifiable information ("PII") and bank account information, Defendant's letter agreeing to this sealing request, (Doc. 49), and Defendant's filings of redacted versions of these documents, (Doc. 40). The Court respectfully directs that Docs. 14-3 and 14-4 be sealed promptly after issuing of this order, and Defendant is cautioned to file redacted versions of these exhibits moving forward.

SO ORDERED:

*Vernon Broderick*                    Date: 12/10/2025
HON. VERNON S. BRODERICK
UNITED STATES DISTRICT JUDGE

**December 6, 2025**

**VIA ECF**

Hon. Vernon S. Broderick
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

**Re: Brown v. City of New York, 1:25-cv-05920-VSB**
**Letter Motion to Seal ECF No. 14-3 and ECF No. 14-4 (Synmoie & Weltman Affirmations)**

Your Honor:

I respectfully submit this **Letter Motion to Seal** the unredacted filings contained in **ECF No. 14**, specifically the **Affirmations of Patrick Synmoie (ECF No. 14-3) and Dean Weltman (ECF No. 14-4)**, which disclose my **bank account information, date of birth, and other protected Personally Identifiable Information (PII)** in violation of **Fed. R. Civ. P. 5.2**, **SDNY ECF Rule 21**, and basic privacy safeguards.

This is now the **third motion to seal** that the pro se Plaintiff has been forced to file due to the Defendant's repeated failure to redact PII from its court submissions. The continued exposure of my sensitive personal data has placed a substantial burden upon me, especially as a pro se litigant managing multiple chronic illnesses.

**I. The Defendant Admits Responsibility for the Redaction Failure**

In their December 3, 2025 letter to the Court, Defendant's counsel acknowledged:

> **"the failure to redact information was an unintentional mistake and occurred at the same time as the documents plaintiff previously addressed…"**

Regardless of intent, **the burden of compliance lies with the filing party**, not the pro se plaintiff.
Fed. R. Civ. P. 5.2(a) explicitly prohibits publishing full dates of birth, financial account numbers, and similar identifiers on the public docket.

The Defendant's argument—that Plaintiff "did not point them out at that time"—is inappropriate. A pro se litigant cannot be expected to act simultaneously as **both plaintiff and defendant**, policing the City's filings for compliance. The law places the responsibility squarely on **the filing attorney**, who is presumed to understand redaction rules.

**II. The Harm and Burden to the Plaintiff Has Been Severe and Ongoing**

The Defendant's repeated disclosure of my personal data has caused significant harm:

- I was required to visit my bank in person and **change my account numbers**.

- I had to **notify creditors and financial institutions** of these changes.

- I remain at increased risk of identity theft and financial intrusion.

- These burdens fall especially heavily on me as I manage **multiple chronic illnesses**, exacerbating stress and undermining my capacity to litigate effectively.

The Defendant's conduct has therefore imposed an **undue and unfair burden** on a pro se litigant who does not possess the resources of the City of New York.

### III. This Is the Plaintiff's Third Motion to Seal in This Case

The ongoing need to police the Defendant's filings demonstrates a clear pattern and underscores why relief is urgently needed.

The Court has already addressed prior PII breaches arising from Defendant's filings, and the recurrence of these violations now reaches a level of **systemic disregard** for confidentiality obligations.

Each instance requires:

- Emergency motion practice

- Time-sensitive review of filings

- Additional stress and labor for a chronically ill pro se litigant

This repeated burden is inequitable and constitutes preventable harm.

### IV. Requested Relief

For the reasons above, Plaintiff respectfully requests that the Court:

1. **Seal the Synmoie Affirmation** (**ECF No. 14-3**) and the **Weltman Affirmation** (**ECF No. 14-4**);

2. **Order Defendant's counsel to certify compliance** with Fed. R. Civ. P. 5.2 and SDNY ECF Rule 21 for all future filings; and

3. Grant such other relief as the Court deems just and proper to prevent further exposure of the Plaintiff's protected information.

Thank you, Your Honor, for your attention to this matter and for safeguarding the integrity and privacy of the Court's record.

Respectfully submitted,

**David R. Brown**
Pro Se Plaintiff
720 Fort Washington Ave, Unit 6D
New York, NY 10040
(201) 406-5011
davidrubenbrown@gmail.com