**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

**David Brown**,
Plaintiff, Pro Se,

v.

**The City of New York**,
Defendant.

Case No. **1:25-cv-05920-VSB**

> The Court is in receipt of Plaintiff's letter motion requesting to seal Doc. 53-2 for unredacted personally identifiable information ("PII"), Defendant's letter agreeing to this sealing request, (Doc. 56), and Defendant's filing of redacted versions of this document, (Docs. 58, 59). The Court respectfully directs that Doc. 53-2 and Doc. 40-2 be sealed promptly after issuing of this order. The Court also notes that this is Plaintiff's fourth motion to seal, and Defendant is again cautioned to check PII redactions moving forward.
>
> SO ORDERED:
>
> *[signature]*
> HON. VERNON S. BRODERICK
> UNITED STATES DISTRICT JUDGE
>
> Date: 1/2/2026

**PLAINTIFF'S MOTION TO SEAL ECF NO. 53-2**

**FOR UNREDACTED PERSONALLY IDENTIFIABLE INFORMATION**

**(Fed. R. Civ. P. 5.2; SDNY ECF Rule 21)**

**PRELIMINARY STATEMENT**

Plaintiff David Brown respectfully moves this Court for an Order **immediately sealing ECF No. 53-2** because the Defendant publicly filed documents containing **unredacted personally identifiable information ("PII")**, including Plaintiff's **full date of birth**, in direct violation of **Federal Rule of Civil Procedure 5.2(a)** and **SDNY ECF Rule 21**.

This motion is not isolated. It is the **fourth motion to seal** Plaintiff has been forced to file in this action due solely to the Defendant's **repeated, preventable, and continuing failures** to comply with basic redaction obligations—**despite prior Court intervention, express warnings, and Defendant's own acknowledgments of error**.

The Defendant's conduct has imposed a **severe and unfair burden** on a pro se litigant, culminating in a **November 19, 2025 fraud incident**, in which Plaintiff's **credit card account was compromised** and is currently under **active investigation by Plaintiff's bank**. That incident occurred **after** repeated public disclosures of Plaintiff's sensitive identifying information on the federal docket.

The risk of harm here is no longer hypothetical. It is **real, ongoing, and foreseeable**.

**FACTUAL BACKGROUND**

1. On or about **December 24, 2025**, Defendant filed **ECF No. 53-2**.

2. That filing contains **unredacted PII**, including Plaintiff's **full date of birth**, visible on:

- o **Page 108**
- o **Page 112**

3. Federal Rule of Civil Procedure **5.2(a)(2)** explicitly prohibits disclosure of a full date of birth; only the **year** may appear.

4. This disclosure occurred **after**:

    - o Multiple prior sealing motions in this case,
    - o Defendant's prior admissions that it failed to redact PII,
    - o Court-ordered sealing and refiling of earlier submissions
    - o An explicit warning from this Court **"to file redacted versions of these exhibits going forward" (ECF No. 51).**

5. As a **direct consequence of Defendant's repeated PII disclosures**, Plaintiff has been forced to undertake extensive protective actions, including:

    - o In-person bank visits,
    - o Changes to financial accounts,
    - o Notifications to creditors and institutions,
    - o Ongoing monitoring for identity theft and fraud.

6. On **November 19, 2025**, Plaintiff experienced a **fraudulent compromise of his credit card account**, which Plaintiff's bank is **currently investigating** as a suspected identity-theft-related incident. While the investigation is ongoing, the timing and circumstances underscore the **foreseeable and concrete risks** created by Defendant's conduct.

## LEGAL STANDARD

### A. Federal Rule of Civil Procedure 5.2

Rule 5.2(a) mandates redaction of sensitive personal data, including dates of birth. The obligation is **absolute**, and the responsibility rests **entirely with the filing party**.

Courts routinely order sealing or replacement of filings that violate Rule 5.2 without requiring any additional showing.

### B. SDNY ECF Rule 21

SDNY ECF Rule 21 imposes a **non-delegable duty** on counsel to ensure compliance with redaction requirements **before filing**. That duty does not shift to opposing parties—particularly not to a pro se litigant.

**ARGUMENT**

**I. ECF NO. 53-2 CLEARLY VIOLATES RULE 5.2 AND MUST BE SEALED**

There is no dispute that ECF No. 53-2 contains Plaintiff's **full date of birth**. That alone requires sealing. There is **no legitimate public interest** served by disclosure of this information, and no prejudice to Defendant from sealing or refiling compliant versions.

**II. DEFENDANT'S CONDUCT HAS CREATED A PATTERN OF NON-COMPLIANCE**

This Court is no longer addressing an isolated oversight. The record reflects a **pattern**:

- Multiple filings with unredacted PII;
- Repeated corrective motions initiated by Plaintiff;
- Repeated acknowledgments by Defendant only *after* violations are identified;
- Continued failures notwithstanding prior Court involvement.

At this stage, the issue is not merely technical non-compliance—it is **systemic disregard for confidentiality obligations**.

**III. THE BURDEN IMPOSED ON PLAINTIFF IS SEVERE, UNFAIR, AND DISPROPORTIONATE**

The Defendant is the **largest municipal litigant in this jurisdiction**, represented by experienced counsel. Plaintiff is a **pro se litigant managing multiple chronic medical conditions**.

Yet Plaintiff has been forced—repeatedly—to:

- Police the Defendant's filings for compliance;
- Engage in emergency motion practice to protect his identity;
- Devote time, energy, and resources to mitigating risks the rules are designed to prevent;
- Respond to real-world financial harm, including a **November 19, 2025 fraud incident now under bank investigation**.

This asymmetry is precisely what Rule 5.2 exists to prevent. The continued shifting of the compliance burden onto Plaintiff is **inequitable and untenable**.

**IV. THE BALANCE OF INTERESTS OVERWHELMINGLY FAVORS SEALING**

- Plaintiff's **privacy, financial security, and personal safety interests** are compelling.

- Defendant faces **no prejudice** from sealing or refiling redacted documents.

- Public access is not meaningfully impaired by removal of PII.

- Judicial integrity favors **enforcement**, not tolerance, of repeated violations.

**RELIEF REQUESTED**

Plaintiff respectfully requests that the Court:

1. **Immediately seal ECF No. 53-2**;

2. **Order Defendant to refile a fully redacted version** of ECF No. 53-2 within fourteen (14) days;

3. **Require Defendant's counsel to certify future compliance** with Fed. R. Civ. P. 5.2 and SDNY ECF Rule 21;

4. **Take Defendant's repeated violations into account** in evaluating litigation conduct going forward; and

5. Grant such other and further relief as the Court deems just and proper.

**CONCLUSION**

After multiple warnings, corrective orders, and acknowledged violations, the continued public disclosure of Plaintiff's sensitive personal data is no longer excusable. The harm is no longer theoretical. Immediate sealing and firm remedial action are warranted.

Dated: December 25, 2025
New York, New York

Respectfully submitted,

**David Brown**
Pro Se Plaintiff
720 Fort Washington Ave, New York, NY 10040
201-406-5011
davidrubenbrown@gmail.com