UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                     :

DAVID BROWN,                         :
                      Plaintiff,     :
                                       :

           -against-           :            25-CV-5920 (VSB)
                                       :

THE CITY OF NEW YORK,          :           **<u>ORDER</u>**
                      Defendant.   :
                                       :
------------------------------------------------------------- X

<u>VERNON S. BRODERICK</u>, <u>United States District Judge</u>:

On July 18, 2025, *pro se* Plaintiff David Brown ("Plaintiff" or "Brown") filed this action against the City of New York ("Defendant" or "the City") alleging that Defendant improperly terminated his health coverage in violation of the Employee Retirement Income Security Act ("ERISA"), the Affordable Care Act ("ACA"), the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), the Health Insurance Portability and Accountability Act ("HIPAA"), and New York Insurance Law.  (Doc. 1 ¶¶ 1, 6–14, 34.)  On September 14, 2025, Plaintiff filed a motion for a preliminary injunction to restore his health benefits, arguing that he was likely to succeed under his ERISA, COBRA, and ACA claims regarding the "wrongful termination of benefits" and that the "denial of necessary medical care constitutes irreparable harm."  (Doc. 10 at 2.)  Defendant filed an answer to Plaintiff's complaint, (Doc. 14), and on October 3, 2025, Plaintiff subsequently filed a motion to strike portions of Defendant's answer that "contain materially false or misleading statements and dates," (Doc. 17.)  On October 6, 2025, the City filed an amended answer to Plaintiff's complaint, (Doc. 19), and on October 9, 2025, Defendant filed its opposition to Plaintiff's preliminary injunction motion, (Docs. 21, 22).  On October 16, 2025, Defendant also filed its opposition to Plaintiff's motion to strike portions of the answer.  (Doc. 26.)  On October 20, 2025, Plaintiff filed his motion to strike the preliminary statement of Defendant's opposition to the

preliminary injunction motion, (Doc. 28), and his reply in support of his preliminary injunction motion, (Docs. 29, 30).

On October 31, 2025, Plaintiff filed a motion for leave to file an amended complaint, (Doc. 33), and the proposed amended complaint, (Doc. 34 at 7–33).  In the proposed amended complaint, Plaintiff requests injunctive relief and monetary damages, and brings claims under the Public Health Service Act, the ACA, 42 U.S.C. § 1983, and New York State law, including breach of contract, negligence, fraudulent inducement and misrepresentation, New York Insurance Law § 3221(m), and New York City Administrative Code § 12-126.  (*Id.* at 10–13.)  On December 8, 2025, the City confirmed that it would not oppose Plaintiff's motion for leave to file his proposed amended complaint but requested that "the Court dismiss Plaintiff's motion for a preliminary injunction as moot, as the complaint upon which it is based are based on what may soon be an obsolete pleading." (Doc. 50 at 1.)  Shortly thereafter, on December 10, 2025, Plaintiff filed his opposition letter regarding the City's request to dismiss the preliminary injunction motion as moot.  (Doc. 52.)  On December 24, 2025, Defendant filed another letter in support of its argument that the Court should deny Plaintiff's preliminary injunction motion as moot, noting that the proposed amended complaint "differs so substantially from the original complaint that it constitutes a completely new pleading." (Doc. 53 at 3.)  On January 29, 2026, Defendant provided this Court with an updated decision in Plaintiff's parallel New York City Civil Court case, noting that the state court granted the City's motion for summary judgment "dismissing Plaintiff's complaint in its entirety."  (Doc. 62.) Moreover, Defendant stated that if this Court grants Plaintiff leave to amend the complaint, "the City plans to make a dispositive motion to dismiss this action."  (*Id.*)

Federal Rule of Civil Procedure 15(a)(1) provides that a plaintiff may amend its pleading once as a matter of course either (a) " 21 days after serving it, or" (b) "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  In all other cases, Rule

15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile." *Pagan v. Midhudson Forensic Psychiatric Hosp.*, No. 23-CV-10050, 2024 WL 182763, at *3 (S.D.N.Y. Jan. 16, 2024). The "permissive standard" of Rule 15 "is consistent with [the Second Circuit's] strong preference for resolving disputes on the merits." *Williams v. Citigroup Inc.*, 659 F.3d 208, 212–13 (2d Cir. 2011) (per curiam) (internal quotation marks omitted). Courts should deny leave to amend "only for such reasons as undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party." *Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566, 603 (2d Cir. 2005) (quoting *Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 653 n.6 (2d Cir. 1987)). Since there is no evidence of undue delay or bad faith, amendment would not be futile at this point, and there is no prejudice to the opposing party here—as Plaintiff has timely sought leave to amend, a decision has not yet been rendered, and Defendant does not oppose the request—I accordingly grant Plaintiff's motion for leave to file an amended complaint, (Doc. 33).

In regard to Plaintiff's original preliminary injunction motion, "[i]t is well settled that an amended pleading ordinarily supersedes the original and renders it of no legal effect." *In re Crysen/Montenay Energy Co.*, 226 F.3d 160, 162 (2d Cir. 2000). "[I]t is imprudent for a preliminary injunction to issue on the basis of a complaint that will shortly be superseded by a pleading that will remedy what are conceded to be fundamental flaws in the present complaint." *Chateau Hip, Inc. v. Gilhuly*, No. 95-CV-10320, 1996 WL 437929, at *2 (S.D.N.Y. Aug. 2, 1996); *see also Medrite Care, LLC v. Medrite 243 LLC*, No. 20-CV-3456, 2020 WL 2306446, at *3 (S.D.N.Y. May 8, 2020) ("The Court notes that Plaintiffs have advised the Court that they intend to amend their complaint . . . This too counsels against granting a preliminary injunction because it would be based in part on a pleading that will soon be superseded."). Plaintiff argues that his original preliminary injunction

motion should not be rendered moot even if he is given leave to amend his complaint, because "[c]ourts routinely adjudicate injunction motions even when pleadings evolve" and "[t]he harms addressed in the preliminary-injunction motion continue to exist today." (Doc. 52 at 2.) I disagree. Although Courts may sometimes consider a preliminary injunction motion alongside a motion to amend, *see, e.g.*, *Black v. Cakor Rest., Inc.*, No. 22-CV-1447, 2022 WL 17689840, at *3–4 (S.D.N.Y. Dec. 15, 2022) (considering Plaintiff's motion for a preliminary injunction alongside newly-added allegations in the simultaneous motion for amended complaint), here, Defendant has not had the benefit of addressing Plaintiff's new allegations and Plaintiff has also dropped multiple claims that formed the basis of his original preliminary injunction motion. Indeed, Plaintiff's amended complaint does not include ERISA or COBRA claims, which partially formed the basis of his original preliminary injunction motion, and the proposed amended complaint includes six new claims: Public Health Service Act, 42 U.S.C. § 1983, NYC Admin Code 12-126, fraudulent inducement and misrepresentation, negligence, and breach of contract. (*See generally* Docs. 1, 34.)

Accordingly, I deny Plaintiff's motion for a preliminary injunction as moot, (Doc. 10), and Plaintiff's motion to strike the preliminary statement of Defendant's opposition motion to the preliminary injunction as moot, (Doc. 28), with leave to refile both. Moreover, since the City has represented that it intends "to make a dispositive motion to dismiss this action" if I grant Plaintiff leave to amend his complaint, (Doc. 62), I also deny Plaintiff's motion to strike Defendant's original answer as moot, (Doc. 17), as this no longer responds to the operative complaint. Plaintiff is directed to file his amended complaint within 2 weeks of this order and is subsequently given leave to refile his motion for a preliminary injunction based on this amended complaint.

The Clerk of Court is respectfully directed to terminate the motions as Documents 10, 17, 28, and 33.

SO ORDERED.

Dated:          May 26, 2026
                New York, New York

                                          Vernon S. Broderick
                                          United States District Judge