THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**STEVEN BANKS**
*Corporation Counsel*

**AMY ROTHSCHILD**
Assistant Corporation Counsel
Commercial and Real Estate Litigation
Tel.: (212) 356-2569
Email: arothsch@law.nyc.gov

July 8, 2026

VIA ECF
Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
500 Pearl Street, Room 415
New York, NY 10007

Re: *David Brown v. City of New York*,
1:25-CV-05920-VSB

Dear Judge Broderick:

In light of Plaintiff's letter today consenting to the City's alternative request in its motion to strike, if acceptable to the Court, the City consents to Plaintiff's new amended complaint as filed [ECF Doc. 67] in exchange for an extension of 60 days for the City to respond to the new pleading from the date the Court issues an order, and for the new preliminary injunction motion to be briefed and returnable at the same date.

Respectfully submitted,

Amy Rothschild
Amy Rothschild

I am in receipt of Plaintiff's amended complaint, filed on June 9, 2026. (Doc. 67.) As Defendant notes, this complaint is different from the proposed amended complaint Plaintiff previously requested to file and that I granted. Federal Rule of Civil Procedure 15(a)(1) provides that a plaintiff may amend its pleading once as a matter of course either (a) " 21 days after serving it, or" (b) "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." In all other cases, Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile." *Pagan v. Midhudson Forensic Psychiatric Hosp.*, No. 23-CV-10050, 2024 WL 182763, at *3 (S.D.N.Y. Jan. 16, 2024). The "permissive standard" of Rule 15 "is consistent with [the Second Circuit's] strong preference for resolving disputes on the merits." *Williams v. Citigroup Inc.*, 659 F.3d 208, 212–13 (2d Cir. 2011) (per curiam) (internal quotation marks omitted). Courts should deny leave to amend "only for such reasons as undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party." *Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566, 603 (2d Cir. 2005) (quoting *Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 653 n.6 (2d Cir. 1987)). Since there is no evidence of undue delay or bad faith, amendment would not be futile at this point. Moreover, despite the fact that Plaintiff's amended complaint is different from his previously proposed amended complaint, there is no prejudice to the opposing party here—a decision has not yet been rendered and Defendant does not oppose the request, provided that Defendant also gets additional time to respond to the complaint. Accordingly, Plaintiff's amended complaint filed at Document 67 is the operative complaint in this matter. Furthermore, Defendant City of New York shall respond to Plaintiff's amended complaint, (Doc. 67), and the renewed motion for a preliminary injunction, (Docs. 69, 70) within 60 days of this order. The Clerk of Court is respectfully directed to terminate the motions at Documents 71 and 72, since Defendant's motion to strike Plaintiff's amended complaint is denied as moot.

**SO ORDERED:**

Vernon Broderick

Date: July 9, 2026

HON. VERNON S. BRODERICK
UNITED STATES DISTRICT JUDGE